IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



11 MAY -3 PM 1: 54

U.S. DISTRICT COURT
SOUTHERN DIST OHIO

| | |
|---|---|
| INFO-HOLD, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No. **1:11 CV 283** |
| ) | |
| v. ) | Judge: |
| ) | **SPIEGEL, J.** |
| Muzak Holdings, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| Muzak, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Info-Hold, Inc., by its counsel and for its Complaint against, Muzak Holdings, LLC and Muzak, LLC alleges as follows:

## THE PARTIES

1. Plaintiff Info-Hold, Inc. ("Info-Hold") is a Delaware corporation with its principal place of business at 4120 Airport Rd., Cincinnati, OH 45226.

2. Upon information and belief, Defendant Muzak Holdings, LLC, ("Muzak Holdings") is a Delaware limited liability company with its principal place of business at 3318 Lakemont Blvd, Fort Mill, South Carolina 29708 and Defendant Muzak, LLC, ("Muzak") is a Delaware limited liability company with its principal place of business at the same address.

3. Muzak Holdings and Muzak have committed acts of patent infringement in the United States, including this district, and conduct continual, substantial and systematic business in this district.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 35 U.S.C. Sections 1 *et seq.* and 28 U.S.C. Sections 1331 and 1338(a).

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. Sections 1391(b) and (c) and 1400(b).

## BACKGROUND FACTS

6. United States Letters Patent relevant to this action, entitled "Programmable Messaging System for Controlling Playback of Messages on Remote Music On-Hold-Compatible Telephone Systems and Other Message Output Devices," were duly and legally issued to Joey C. Hazenfield on November 23, 1999 as Patent No. 5,991,374 ("the '374 patent").

7. On October 24, 2007 Joey C. Hazenfield executed an assignment, which assigned his rights under the '374 patent, including the right to sue and recover for past and future damages, to plaintiff Info-Hold.

8. At all times subsequent to its issuance, and prior to its assignment, Info-Hold was the sole licensee under the patent.

9. Defendants Muzak Holdings and Muzak have committed and continue to commit acts of infringement in violation of 35 USC Section 271, including but not limited to, making, using, selling, offering for sale and/or importing on-hold messaging systems and methods

claimed by the '374 patent and/or material components thereof, having no substantial non-infringing use.

## COUNT 1 FOR PATENT INFRINGEMENT AGAINST MUZAK HOLDINGS, LLC

10. This cause arises under the Patent Act of 1952, 35 U.S.C. Section 1 *et seq.*, particularly 35 U.S.C. Section 271 and alleges patent infringement.

11. Plaintiff restates and realleges all the allegations contained in paragraphs 1-10 of this Complaint as if fully rewritten and set forth herein.

12. Upon information and belief, Defendant Muzak Holdings makes, uses, sells, and offers for sale, a product known as the "Encompass LE 2".

13. The Encompass LE 2 infringes the '374 patent.

14. Plaintiff has reviewed Muzak Holdings' representations and statements regarding the Encompass LE 2 via their website and otherwise in order to ascertain the product's functions and characteristics.

15. After a review of the available information, Info-Hold alleges that Muzak Holdings, through the Encompass LE 2, infringes the '374 patent by direct infringement, inducing direct infringement and by contributing to the infringement of the patent by others.

16. Muzak Holdings' acts of infringement have been, are and will continue to be willful and deliberate, and in reckless disregard of Plaintiff's patent rights.

17. Defendant's acts complained of herein have caused, and if not enjoined will continue to cause irreparable harm and damage to Plaintiff for which there is no adequate remedy at law, and have caused Plaintiff actual monetary damage of an amount not yet determined.

## COUNT 2 FOR PATENT INFRINGEMENT AGAINST MUZAK HOLDINGS, LLC

18. Plaintiff restates and realleges all the allegations contained in paragraphs 1-17 of this Complaint as if fully rewritten and set forth herein.

19. Upon information and belief, Defendant Muzak Holdings makes, uses, sells, and offers for sale a product known as the "Encompass MV."

20. The Encompass MV infringes the '374 patent.

21. Plaintiff has reviewed Muzak Holdings' representations and statements regarding the Encompass MV, via their website and otherwise, in order to ascertain the product's functions and characteristics.

22. After a review of the available information, Info-Hold alleges Muzak Holdings, through the Encompass MV, infringes the '374 patent by direct infringement, inducing direct infringement and by contributing to the infringement of the patent by others.

23. Muzak Holdings' acts of infringement have been, are and will continue to be willful and deliberate, and in reckless disregard of Plaintiff's patent rights.

24. Defendant's acts complained of herein have caused, and if not enjoined will continue to cause irreparable harm and damage to Plaintiff for which there is no adequate remedy at law and have caused Plaintiff actual monetary damages in an amount not yet determined.

## COUNT 3 FOR INFRINGEMENT AGAINST MUZAK, LLC

24. Plaintiff restates and realleges all the allegations contained in paragraphs 1-23 of this Complaint as if fully rewritten and set forth herein.

25. This cause arises under the Patent Act of 1952, 35 U.S.C. Section 1 *et seq.*, particularly 35 U.S.C. Section 271 and alleges patent infringement.

26. Upon information and belief, Defendant Muzak makes, uses, sells, and offers for sale, a product known as the "Encompass LE 2".

27. The Encompass LE 2 infringes the '374 patent.

28. Plaintiff has reviewed Muzak's representations and statements regarding the Encompass LE 2 via their website and otherwise in order to ascertain the product's functions and characteristics.

29. After a review of the available information, Info-Hold alleges that Muzak, through the Encompass LE 2, infringes the '374 patent by direct infringement, inducing direct infringement and by contributing to the infringement of the patent by others.

30. Muzak's acts of infringement have been, are, and will continue to be willful and deliberate, and in reckless disregard of Plaintiff's patent rights.

31. Defendant's acts complained of herein have caused, and if not enjoined will continue to cause irreparable harm and damage to Plaintiff for which there is no adequate remedy at law and have caused Plaintiff actual monetary damages in an amount not yet determined.

## COUNT 4 FOR INFRINGEMENT AGAINST MUZAK, LLC

32. Plaintiff restates and realleges all the allegations contained in paragraphs 1-31 of this Complaint as if fully rewritten and set forth herein.

33. Upon information and belief, Defendant Muzak makes, uses, sells, and offers for sale a product known as the "Encompass MV."

34. The Encompass MV infringes the '374 patent.

35. Plaintiff has reviewed Muzak's representations and statements regarding the Encompass MV, via their website and otherwise, in order to ascertain the product's functions and characteristics.

36. After a review of the available information, Info-Hold alleges that Muzak, through the Encompass MV, infringes the '374 patent by direct infringement, inducing direct infringement and by contributing to the infringement of the patent by others.

37. Muzak's acts of infringement have been, are and will continue to be willful and deliberate, and in reckless disregard of Plaintiff's patent rights.

38. Defendant's acts complained of herein have caused, and if not enjoined will continue to cause, irreparable harm and damage to Plaintiff for which there is no adequate remedy at law and have caused Plaintiff actual monetary damages in an amount not yet determined.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. That a judgment be entered that Defendants Muzak Holdings and Muzak have infringed and continue to infringe United States Letters Patent No. 5,991,374 and that such infringement is willful;

B. That Defendants Muzak Holdings and Muzak, their agents, sales representatives, employees, associates, distributors, attorneys, successors and assigns, and any and all persons or entities acting as, through, under or in active participation with any or all of them, be enjoined and restrained preliminarily and permanently from making, using, offering for sale or selling within the United States, or importing into the United States, any products or any methods that infringe the said United States Patent.

C. That a judgment be entered that Defendants, jointly and severally, be required to pay over to Plaintiff all damages sustained by it due to such patent infringement and that such damages be trebled pursuant to 35 U.S.C. Section 284 for the willful acts of infringement complained of herein;

D. That this case be adjudged exceptional under U.S.C. Section 285, thereby entitling Plaintiff to an award of its reasonable attorneys fees and that such reasonable attorney fees be awarded;

E. That Plaintiff be awarded its costs and prejudgment interest on all damages; and

F. For any and all other such relief as the Court deems just and equitable.

Plaintiff demands a trial by jury.

Dated: May 3, 2011

Daniel Joseph Wood (0037632)
4120 Airport Road
Cincinnati, Ohio 45226
Telephone: (513) 248-5600
Facsimile: (513) 248-5609
Trial Attorney for Plaintiff Info-Hold