UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| INFO-HOLD, INC., | : | Case No. 1:11-cv-283 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| MUZAK HOLDINGS LLC, *et al.* | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Docs. 61, 63)**

On September 10, 2012, thirty days after a Markman hearing, and pursuant to the parties' briefs submitted in support of their proposed claim constructions regarding disputed claims related to United States patent No. 5,991,374, this Court entered its Order on Claim Construction (Doc. 60).

On September 17, 2012, Defendants filed a motion to reconsider the claim construction order related to the term "control signal." (Doc. 61).

On September 27, 2012, Plaintiff filed a motion for clarification, rehearing, or reconsideration of the order on claim construction, specifically contesting the Court's construction of the claim phrase "when a caller is placed on hold." (Doc. 63).

Both motions have now been fully briefed. (Docs. 64, 65, 66, 69).

## I.     STANDARD OF REVIEW

District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). Nevertheless, *a fortiori*, "motions for reconsideration are disfavored." *Davie v. Mitchell*, 291 F.Supp.2d 573 (N.D. Ohio 2003). Thus, "courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). Here, both parties seek reconsideration "to correct clear error and prevent manifest injustice."

## II.     ANALYSIS

### A.     "Control signal"

Defendants seek reconsideration of the claim construction order as it relates to the term "control signal."

Defendants claim that the Court mistakenly relied on Defendants' own originally proposed definition of "control signal" ... "even though this definition was not ultimately espoused by either party." (Doc. 61 at 5). Defendants also claim that the Court's conclusion that "the parties do not dispute that the proposed constructions have the same meaning" (Doc. 60 at 10) was incorrect, insisting that Plaintiff did not agree with Defendants' proposed construction. (Doc. 61 at 6).

To remedy this alleged clear error and prevent manifest injustice, Defendants move the Court to adopt a new construction, as cobbled together, using Plaintiff's original proposal and information from Plaintiff's briefing. (*Id.* at 7).

However, as Plaintiff correctly states in reply: "[t]he Court is not required to accept a construction of a term, even if the parties have stipulated to it, but instead by arrive at its own construction of claim terms, which may differ from constructions proposed by the parties." *Pfizer, Inc. v. Teva Pharms., USA, Inc.* 429 F.3d 1364, 1376 (Fed. Cir. 2005). Moreover, Plaintiff disputes that it significantly disagreed with Defendants' construction of "control signal" and affirms that "[t]he Court rightly recognized the *de minimis* distinction between the parties' proposed constructions." (Doc. 64 at 4).

Upon careful review, the Court finds no evidence of clear error or manifest injustice with regard to its construction of the claim term "control signal."

### B. "When a caller is placed on hold"

Plaintiff seeks reconsideration of the Court's construction of the claim phrase "when a caller is placed on hold" and alleges "that the Court erred in not giving full weight to specific references and natural implications contained in the specification." (Doc. 63 at 12-13).

More specifically, Plaintiff alleges that neither the specification nor the likely interpretation of a skilled artisan for whom the patent was written were given proper weight, and, as a result, the Court's reading of the claim phrase is grammatically incorrect,

-3-

and that an appropriate construction would indicate that the phrase means that certain functions occur while a caller is on hold, not that the act of placing a caller on hold triggers the functions.  (Doc. 69 at 8).

Plaintiff supports these arguments in part by using evidence it alleges would have been presented at a technical tutorial, had such a tutorial taken place.  (Doc. 63 at 7).

Despite Plaintiff's assertion that "it is not frivolous or inappropriate to restate and possibly reframe the arguments that the party felt did not receive proper consideration," Defendants are correct in criticizing Plaintiff's use of the same arguments it made in its Markman briefing and oral argument.  As Defendants point out, all of Plaintiff's arguments have either already been presented or could have been made earlier.  Moreover, Plaintiff's attempt to introduce new arguments and evidence not of record through a hypothetical technical tutorial that has not taken place, is not required by law, and has been repeatedly argued for previously, is likewise inappropriate and unavailing.

Upon careful review, the Court finds no evidence of clear error or resulting manifest injustice with regard to its construction of the claim phrase "when a caller is placed on hold."

### III. CONCLUSION

Accordingly, for the reasons stated here, Defendants' motion for reconsideration (Doc. 61) and Plaintiff's motion for reconsideration (Doc. 63) are both **DENIED.**

**IT IS SO ORDERED.**

Date:  November 6, 2012  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge