UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

| | | |
|---|---|---|
| INFO-HOLD, INC., | : | Case No. 1:11-cv-283 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| MUZAK HOLDINGS LLC, *et al.* | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION TO REMOVE ATTORNEY
EYES ONLY DESIGNATIONS OF THE SEPTEMBER 25, 2012 RULE 30(b)(6)
DEPOSITION TRANSCRIPT OF INFO-HOLD (Doc. 93)**

This civil action is before the Court on Defendants' motion to remove all HIGHLY

CONFIDENTIAL – ATTORNEY EYES ONLY designations from the September 25,

2012 Rule 30(b)(6) deposition transcript of Plaintiff Info-Hold, Inc.  (Doc. 93).  The

motion was filed on December 6, 2012.  Under S.D. Ohio Civ. R. 7.2(a)(2), a

memorandum in opposition "shall be served and filed within twenty-one (21) days from

the date of service set forth in the certificate of service attached to the Motion."  No

response has yet been filed in this case, even though more than twenty-one days have

passed since the service of the motion.

## I.    BACKGROUND FACTS

Plaintiff was deposed on September 25, 2012 pursuant to Fed. R. Civ. P. 30(b)(6).

(Doc. 93 at 3).  During the deposition, Plaintiff's counsel requested that a small fraction

of the deposition be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

("Attorney Eyes Only").  (*Id.*)  However, when the transcript was completed and

distributed to the parties, every page had been marked Attorney Eyes Only, contrary to the

Default Protective Order.  (*Id.*)  Defendants agree that certain portions should be marked

Attorney Eyes Only and identified the five passages specified by Plaintiff's counsel at the

deposition in a letter to Plaintiff challenging the classification of the rest.  (*Id.* at 4 and at

Ex. 1).  Plaintiff never responded to this letter.  (*Id.*)

## II.  ANALYSIS

The Default Protective Order permits Attorney Eyes Only designation for material

that is not in the public domain and that a party "reasonably in good faith" believes

contains:

> particularly sensitive technical information relating to research for and
> production of current products; technical, business, and research
> information regarding future products; non-public and highly sensitive
> financial information; marketing and sales information, such as marketing
> plans and forecasts, customer lists, pricing data, cost data, customer orders,
> and customer quotations; any pending or abandoned patent applications,
> foreign or domestic; and other such documents, information, or materials
> that relate to other proprietary information that the designating party
> reasonably believes is of such nature and character that disclosure of such
> information would be harmful to the designating party.

(*Id.* at 5).  With the exception of the five passages mentioned previously, the transcript

does not satisfy these criteria.  (*Id.*)  Defendants challenged the improper designations but

Plaintiff failed to "either remove or reduce the designation, or to respond that it has

reviewed the matter and continues to maintain the designation in good faith" within ten

business days as required by the Default Protective Order. (*Id.*)  Such silence

demonstrates a rejection of good faith cooperation.  Plaintiff has made no showing that

any part of the deposition transcript, beyond the five identified passages, are appropriately

designated Attorney Eyes Only.

### III.    CONCLUSION

Accordingly, for the reasons stated here, Defendants' Motion to Remove Attorney

Eyes Only Designations of the September 25, 2012 Rule 30(b)(6) Deposition Transcript

of Info-Hold (Doc. 93) is **GRANTED**, and the entire transcript, but for the five identified

portions,[1] shall have the Attorney Eyes Only Designations removed.

**IT IS SO ORDERED.**

Date:  1/8/13                                              *s/ Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge

---

[1]  68:1 - 68:3; 193:12 - 195:6; 243:7 - 244:17; 258:9 - 270:18; 281:3 - 288:1