UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| INFO-HOLD, INC., | : Case No. 1:11-cv-283 |
| Plaintiff, | : Judge Timothy S. Black |
| vs. | : |
| MUZAK HOLDINGS LLC, *et al.* | : |
| Defendants. | : |

**ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE
THOMAS M. JACOBS FROM ACCESSING
MUZAK'S PROTECTED INFORMATION (Doc. 90)**

This civil action is before the Court on Defendants' motion to preclude Thomas M. Jacobs from accessing Defendants' protected information. (Doc. 90). The motion was filed on December 3, 2012. Under S.D. Ohio Civ. R. 7.2(a)(2), an opposition memorandum "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." No response has yet been filed in this case, even though more than twenty-one days have passed since service of the motion.

I. BACKGROUND FACTS

On November 18, 2012, less than 30 days before the close of fact discovery and the deadline for initial expert reports, Plaintiff made a request for inspection of Defendants' servers by Plaintiff's expert. (Doc. 90-1 at 1). Plaintiff did not disclose who

this expert would be, and Defendants responded by emphasizing that no one would be given access to the servers without being properly identified pursuant to the Court's standard Protective Order.  (*Id.* at 2).  In response, Plaintiff provided Defendants with a signed Agreement to be Bound by the Protective Order and a CV of Thomas M. Jacobs which stated that he had "worked as an outside sub-contractor for Info-Hold, Inc. during the development of various added features of the Info-Link product including user interfaces and account reporting functions."  (*Id.*)

Defendants felt this did not satisfy the requirements of the Protective Order and that a further description of Mr. Jacobs' services on behalf of Plaintiff was required.  (*Id.* at 3).  Plaintiff agreed to provide further information, but the disclosure finally made on November 27, 2012 again failed to provide any information about what Mr. Jacobs actually did for Plaintiff.  (*Id.* at 4).  Consequently, Defendants undertook their own investigation and discovered that an online newsletter published by Plaintiff in 2006 identified Mr. Jacobs as Plaintiff's Director of Engineering, that Plaintiff's 2007 SEC filings identified Mr. Jacobs as a "key employee," and that Mr. Jacobs' own website identifies him as Plaintiff's current Director of Engineering.  (*Id.* at 4-5).

## II.  ANALYSIS

Mr. Jacobs is appropriately precluded from accessing Defendants' protected information for several reasons.

First, Mr. Jacobs is not independent.  There is significant evidence that he was a key employee for Plaintiff for several years and that he may still be.  (*Id.* at 6).  It is

entirely possible that Plaintiff will continue to use his services in the future, and, therefore, the risk that Defendants' protected information will be used for Plaintiff's benefit is too great.

Second, Plaintiff will not suffer any unfair prejudice from Mr. Jacobs' preclusion. Defendants' objections to him are both well founded and entirely foreseeable. Plaintiff's lead counsel, Mr. Wood, has been with Plaintiff for over ten years and should be well aware of Plaintiff's relationship with Mr. Jacobs. (*Id.* at 7). Moreover, Plaintiff already litigated a nearly-identical issue when it attempted to gain access for Mr. Wood to Defendants' protected information, and therefore should be well aware that Defendants would likely object to access for a person associated with Plaintiff.

Finally, any harm alleged by Plaintiff is the result of Plaintiff's own dilatory behavior in the prosecution of this case. Notwithstanding the high potential for objection, Defendants did not disclose Mr. Jacobs until mere weeks before the close of the discovery period. (*Id.*) This litigation has been pending for over a year, and given Plaintiff's existing relationship with Mr. Jacobs, there is no reason it could not have identified him earlier. Furthermore, there is no reason Plaintiff could not have undertaken a search to find a truly independent expert who would not be objectionable to Defendants.

### III.    CONCLUSION

Accordingly, for the reasons stated here, Defendants' Motion to Preclude Thomas M. Jacobs from Accessing Muzak's Protected Information (Doc. 90) is **GRANTED.**

**IT IS SO ORDERED.**

Date:  1/8/13  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge