UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| INFO-HOLD, INC., | : | Case No. 1:11-cv-283 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| MUZAK LLC, | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT PLAINTIFF INFO-HOLD IS NOT ENTITLED TO LOST PROFITS DAMAGES (Doc. 116)**

This civil action is before the Court on Defendant's Motion for Partial Summary Judgment that Plaintiff Info-Hold is Not Entitled to Lost Profits Damages (Doc. 116) and the parties' responsive memoranda (Docs. 129 and 140).

## I. BACKGROUND

Plaintiff Info-Hold, Inc. brings this patent infringement suit against Muzak LLC accusing it of direct infringement, contributory infringement, and induced infringement of U.S. Patent No. 5,991,374 (the '374 patent).

Defendant now moves for entry of partial summary judgment that Plaintiff is not entitled to lost profits as a measure of damages against Defendant in this action on the bases that Plaintiff failed to respond to discovery requests on lost profits and that Plaintiff has provided no evidence of having a method to determine its own gross and net profit margins on products covered by the '374 patent.  (Doc. 116).

## II.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A moving party is entitled to point to a lack of evidence to support the facts its opponent must prove to carry its burden of proof as a basis for summary judgment.  *Celotex,* 477 U.S. at 325.

The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Id.* at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson, supra*, 477 U.S. at 248.  It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Matsushita, supra*, 475 U.S. at 586).  Instead, the nonmoving party must show that "the evidence presents a sufficient disagreement to require submission to a jury."

*Griffin v. Hardrick,* 604 F.3d 949, 953 (6th Cir. 2010) (citing *Anderson, supra*, 477 U.S. at 252-52).

### III. ANALYSIS

#### A. Lost Profits: The *Panduit* Test

Plaintiff claims it is entitled to lost profits as a measure of damages in this action based on the four-factor *Panduit* test. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). This test requires Plaintiff to show: (1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit that would have been made. *Id.* In order to show the profit it would have made in the absence of the alleged infringement, Plaintiff must present enough evidence of the profits that it earned as a result of the technology covered by the '374 patent to satisfy its burden of proof on this issue. However, Plaintiff fails to do so for two reasons.

First, Plaintiff's Rule 30(b)(6) designee, Mr. Mason, testified that Plaintiff's profit information is reflected only on its tax returns, which do not break out profit earned on the Info-Link product separately from other products and services. (Doc. 140 at 9). Mr. Mason also testified that Plaintiff does not keep records of what proportion of its sales is attributable to products covered by the '374 patent. (*Id.*) Mr. Mason was repeatedly asked to clarify and confirm his answers and did not hesitate or express any uncertainty. (*Id.*) Now, in the throes of summary judgment proceedings, Plaintiff cannot generate an

issue of material fact by negating testimony of its Rule 30(b)(6) witness, which was given under oath in this action. *Farrel v. Auto Club of Mich.*, 870 F.2d 1129, 1131-32 (6th Cir. 1989).

Secondly, although Plaintiff conclusorily alleges that it has evidence of lost profits, Plaintiff does not submit that evidence to the Court. Plaintiff cites to a single-page document that it alleges demonstrates its lost profits, but Plaintiff does not make this document of record before the Court, much less explain how it demonstrates that Plaintiff's lost profits claim has merit. Fed. R. Civ. P. 56(c)(1) requires that a party asserting that a fact cannot be or is genuinely disputed, as Plaintiff is, "*must* support the assertion by: (A) citing to particular materials *in the record* . . . ; or (B) showing that the materials cited do not establish the presence or absence of a genuine dispute . . ." (emphasis added). Plaintiff has failed to do so.

Moreover, given that Plaintiff's own expert does not rely on the document in question to set forth Plaintiff's case for lost profits, and given that the document was not produced during fact discovery, Plaintiff is not well situated to argue that the document is sufficient to overcome Defendant's motion for summary judgment.

Plaintiff's arguments regarding lost profits are nothing more than unsupported allegations that fail to raise an issue of material fact sufficient to survive summary judgment. Attorney argument is not evidence. *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence.")

Accordingly, Plaintiff has failed to provide evidence that it has any way of calculating or proving the amount of profit it would have enjoyed but for Defendant's alleged infringement, and, therefore, Plaintiff is not entitled to lost profits damages.

### B. Failure to Respond to Requests for Admission

Furthermore, regardless of the foregoing analysis, Plaintiff's failure to timely respond to Defendant's Third Set of Requests for Admission alone is sufficient basis on which to grant summary judgment to Defendant.

On November 1, 2012, Defendant served its Third Set of Requests for Admission (21-25). (Doc. 140 at 3). The requests were served by Barry Bretschneider, counsel for Defendant, via electronic mail on Daniel Wood, David Wagner and Christopher Alexander, counsel for Plaintiff. (*Id.*) Under Fed. R. Civ. P. 36 and 6(d), Plaintiff's responses to Defendants' Requests for Admission were due on December 6, 2012, yet Plaintiff failed to respond until February 19, 2013. (Doc. 140 at 3). *See* Fed. R. Civ. P. 36(a)(3) (30 days to respond); Fed. R. Civ. P. 6(d) (three additional days for service by electronic means).

Under Rule 36, Plaintiff's failure to timely serve a response to Defendants' Third Set of Requests for Admission renders admitted all requests stated therein. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

Plaintiff's failure to timely respond results in the admission of the following statement:

> 21. Info-Hold is not entitled to lost profits as a measure of damages for infringement of the '374 Patent by Muzak.

(Doc. 140 at 4).

Defendants' unanswered requests for admission are binding admissions for purposes of this action. *See, e.g., Tracy v. Heffron*, 822 F.2d 60, 60-61 (6th Cir. 1987) ("The district court correctly deemed the requests for admissions to have been admitted by plaintiff because he did not respond to them pursuant to Rule 36(a), Federal Rules of Civil Procedure."). *See also Luick v. Graybar Electric Co., Inc.*, 473 F.2d 1360, 1362 (8th Cir. 1973).

Plaintiff's excuse regarding the possible failing of its computer systems is unavailing as Fed R. Civ. P. 5(b)(2)(E) renders service by electronic means "not effective if the serving party learns that it did not reach the person to be served." As Plaintiff's failure to respond to the requests in question has already been at issue in this case, and because Plaintiffs eventually did respond on February 19, 2013, Plaintiff has clearly been aware of this failure well more than a month before it finally responded, out of time.

## V. CONCLUSION

Accordingly, for the reasons stated, Defendant's Motion for Partial Summary Judgment that Plaintiff Info-Hold is Not Entitled to Lost Profits Damages (Doc. 116) is **GRANTED**.

**IT IS SO ORDERED.**

Date:   March 8, 2013                                                                  *s/ Timothy S. Black*
                                                                                                      Timothy S. Black
                                                                                                      United States District Judge