# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| INFO-HOLD, INC., | : | Case No. 1:11-cv-283 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| MUZAK LLC, | : | |
| Defendant. | : | |

### ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION
### (Docs. 153 and 168)

This civil action is before the Court on Plaintiff's Second Supplemental Motion for Partial Reconsideration of the Court's Order Granting Defendants' Motion for Partial Summary Judgment on Info-Hold's Claims of Inducement of Infringement Against Muzak Holdings LLC and Muzak LLC and Dismissing Muzak Holdings LLC from the Case (Doc. 153), Plaintiff's Motion for Partial Reconsideration of the Court's Order on Defendant's Motion for Partial Summary Judgment on Lost Profits Damages (Doc. 168), and the parties' responsive memoranda (Docs. 159, 169, 173, and 182).

### ANALYSIS

Motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 485 n. 5 (2008) (quoting 11. C. Wright & A. Miller, *Federal Practice and Procedure*, § 2810.1, at 127-28 (2d ed. 1995)).

Thus, "courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

### A. Plaintiff's Second Supplemental Motion for Partial Reconsideration of the Court's Order Granting Defendants' Motion for Partial Summary Judgment on Info-Hold's Claims of Inducement of Infringement Against Muzak Holdings LLC and Muzak LLC and Dismissing Muzak Holdings LLC from the Case

Plaintiff argues the Court should reconsider its decision granting partial summary judgment as to the claim of inducement of infringement to correct clear error or prevent manifest injustice. (Doc. 153 at 2). Plaintiff alleges that "comparing the facts and circumstances, pre- and post-filing [of the Complaint], reveals it is clear error to leave the Court's ruling in tact [*sic*] and not modified to comport with present circumstances." *Id.*

However, Plaintiff points to no clear error in the Court's decision as based on the summary judgment record before the Court at the time of the decision. Defendant's motion for summary judgment on inducement of infringement was filed 19 months after the Complaint in this action was filed. All of the post-filing actions that Plaintiff now claims were germane to the Court's decision took place more than a year prior to the filing of Defendant's motion. Nothing prevented Plaintiff from bringing up in its opposition to Defendant's motion for summary judgment the post-filing circumstances.

2

Plaintiff has not shown that the "manifest justice" it alleges is the result of anything other than its own failure to respond to Defendant's motion in a timely and complete manner.

Moreover, Plaintiff's motion fails to address this Court's stated basis for granting Defendant's motion for partial summary judgment. The basis on which the Court granted Defendant's motion for summary judgment was that Plaintiff failed to present any evidence that Defendant Muzak LLC or former Defendant Muzak Holdings LLC *actually knew* its customers or resellers were infringing Plaintiff's patent. Plaintiff's instant motion does not address the true basis for the Court's decision and does not remedy or explain Plaintiff's failure to present any evidence with its original opposition to Defendant's motion for partial summary judgment that either Defendant Muzak LLC or former Defendant Muzak Holdings LLC actually knew that Muzak customers and resellers were infringing the '374 patent as required by *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

As a result, Plaintiff's motion for reconsideration is unavailing.

**B. Plaintiff's Motion for Partial Reconsideration of the Court's Order on Defendant's Motion for Partial Summary Judgment on Lost Profits Damages**

Plaintiff also argues that the Court should revisit its decision granting partial summary judgment of no lost profits damages to consider evidence that allegedly was not available when it filed its opposition and thereby to prevent manifest injustice. (Doc.168 at 2).

3

As a preliminary matter, Plaintiff's motion does not address the Court's explicit alternative holding that "regardless of the foregoing analysis, Plaintiff's failure to timely respond to Defendant's Third Set of Requests for Admission alone is sufficient basis on which to grant summary judgment to Defendant." (Doc. 141 at 5). Without addressing this alternative ground for summary judgment, Plaintiff cannot show why the request that the Court revisit its grant of summary judgment of no lost profits damages should be considered on the merits at all.

Furthermore, however, even if Plaintiff's request for reconsideration is considered on the merits, it fails. As with its prior motion for reconsideration, Plaintiff must show that the arguments presented were arguments it had made before that were somehow overlooked or not considered by the Court in its original decision, or that the Court should consider new evidence that, with reasonable diligence, could not have been discovered in time to oppose Defendant's motion for partial summary judgment. *See Louisville/Jefferson*, 590 F.3d at 388.

Plaintiff makes no such showing. None of the arguments presented in Plaintiff's motion for reconsideration are based on a change in the law since the Court's original decision, nor is there anything in the motion to suggest that the Court somehow overlooked or misunderstood arguments Plaintiff actually made in its original opposition. What Plaintiff appears to be arguing is that it should get another chance to present arguments and evidence it wishes it had presented in its opposition to Defendant's motion

4

for partial summary judgment, but did not. Plaintiff does not suggest, and has no basis for suggesting, that somehow the Court unjustly deprived it of the right to present a full opposition to Defendant's original motion for partial summary judgment of no lost profits damages.

Plaintiff's position is based in part on a fundamental misconception: that "[t]his motion for reconsideration is of a piece with the modifications made by the Court regarding Plaintiff's experts and their access to Attorney Eyes Only ('AEO') material." (Doc. 168 at 2). This argument overlooks the problem identified by the Court with Plaintiff's opposition to Defendant's original summary judgment motion, that Plaintiff could not produce evidence of its own profits that were allegedly lost because of Defendant's allegedly infringing sales. (Doc. 141 at 3-5). Plaintiff's access to Defendant's AEO information is irrelevant to the issue of Plaintiff's own lost profits, an issue concerned solely with information that would have been in Plaintiff's possession all along and was not made of record under Fed. R. Civ. P. 56(c)(1) in opposition to Defendant's motion.

Plaintiff suggests that the timing of the Court's conference with counsel that resulted in Plaintiff's damages expert's gaining access to Defendant's AEO documents somehow made "exhibits, calculations and conclusions" not available to be filed with Plaintiff's opposition. In reality, Plaintiff had 11 days between the time its expert gained access to Defendant's AEO documents and the date on which it was required to respond

to Defendant's summary judgment motion.  Additionally, Plaintiff could easily have filed a motion for additional time to prepare responsive declarations under Fed. R. Civ. P. 56(d) if more time was needed.  Moreover, the "exhibits, calculations and conclusions" Info-Hold says it needed to show lost profits were its own documents, not Defendant's.  The timing of Plaintiff's expert's access to Defendant's AEO documents has no bearing on the appropriateness of reconsideration in this instance.

      Plaintiff also argues that IH007441, a document alleged to be probative of Plaintiff's lost profits, was produced during fact discovery.  As the fact discovery cut-off was December 10, 2012, Plaintiff's argument therefore represents to the Court that IH007441 was in existence at least as early as that date, more than two months before the deadline for Plaintiff's opposition to the summary judgment motion in question.  If that be true, Plaintiff had absolutely no excuse for not making it of record as part of its summary judgment opposition filed February 19, 2013.  Plaintiff has still not overcome the fact that the Court granted Defendant's motion in part because Plaintiff did not put IH07441 "in the record" as required by Fed. R. Civ. P. 56(c)(1).  (Doc. 141 at 4).  Nevertheless, even if IH007441 were actually before the Court, it would still be unauthenticated and inadmissible.  If IH007441 *had* been presented to the Court as part of Plaintiff's opposition to the summary judgment motion, Defendant would have been able to successfully object to it pursuant to Fed. R. Civ. P 56(c)(2).

Finally, Plaintiff's motion for reconsideration does not explain why or how the evidence it proffers with its motion leads to the conclusion that the Court's decision granting summary judgment of no lost profits damages was clearly in error or manifestly unjust. Plaintiff still has not explained how or why the alleged new evidence it submits demonstrates the existence of genuine issues of material fact as to Plaintiff's entitlement to lost profits damages. As stated in the Court's original Order, Plaintiff's own Rule 30(b)(6) designee gave testimony binding on Plaintiff that it had no documents showing the profits it would have made on sales of products embodying the asserted claims of the '374 patent but for Defendant's alleged infringement. (Doc. 141 at 3-4). Plaintiff's motion completely fails to address this point.

As a result, this motion for reconsideration is unavailing as well.

## CONCLUSION

For the reasons stated, Plaintiff Info-Hold's Second Supplemental Motion for Partial Reconsideration of Court's Order Granting Defendants' Motion for Partial Summary Judgment on Info-Hold's Claims of Inducement of Infringement Against Muzak Holdings LLC and Muzak LLC and Dismissing Muzak Holdings LLC from the Case (Doc. 153) and Plaintiff's Motion for Partial Reconsideration of the Court's Order on Defendant's Motion for Partial Summary Judgment on Lost Profits Damages (Doc. 168) are hereby **DENIED**.

**IT IS SO ORDERED.**

Date:  August 20, 2013 　　　　　　　　　　　　　　*s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge