# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

INFO-HOLD, INC.,                    :        Case No. 1:11-cv-283
                                     :
            Plaintiff,              :        Judge Timothy S. Black
                                     :
vs.                                  :
                                     :
MUZAK LLC,                           :
                                     :
            Defendant.             :

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 205) AND ENTERING FINAL JUDGMENT AGAINST PLAINTIFF**

This civil action is before the Court on Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Strike the Expert Reports of Robert L. White and to Preclude Mr. White's Testimony and Granting Defendant's Motion for Partial Summary Judgment That Plaintiff Info-Hold Is Not Entitled to Reasonable Royalty Damages (Doc. 205), Plaintiff's Memorandum Showing Cause Why Final Judgment Should Not Be Entered Against It (Doc. 206), and the parties' responsive memoranda (Docs. 207, 208, and 209).

## I.        ANALYSIS

### A.        Motion for Reconsideration

Motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 485 n. 5 (2008) (quoting 11. C. Wright & A. Miller, *Federal Practice and Procedure*, § 2810.1, at 127-28 (2d ed. 1995)).

Thus, "courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

Plaintiff's motion purports to be responsive to these criteria, but in reality is wholly premised on inappropriate bases for granting reconsideration. The entire memorandum in support of Plaintiff's motion for reconsideration is comprised of re-argument of issues already presented to, considered, and decided by the Court, and attempts to introduce arguments and evidence that could have been presented in opposition to Defendant's original motions, but were not.

### 1.     Order Striking Mr. White's Expert Reports and Precluding His Testimony

As a preliminary matter, Plaintiff fails to address at all the fact that Mr. White's improper reliance on the entire market value rule taints his testimony on the royalty base to which any royalty rate would be applied, and thus requires its exclusion. *LaserDynamics v. Quanta Computer, Inc.*, 694 F.3d 51, 68-69 (Fed. Cir. 2012) (testimony based on the entire market value rule was properly excluded where the offeror "presented no evidence that its patented method drove the demand" for the product). This is an independent basis for the Court's exclusion of the evidence proffered by Mr. White.

Moreover, the rest of Plaintiff's arguments regarding Mr. White's qualifications and expert testimony are attempts to re-litigate issues already considered and decided by the Court or to bring up new arguments that could have been brought in Plaintiff's response to Defendant's initial motion.

Based on the foregoing, Plaintiff has demonstrated no legitimate basis on which it can request reconsideration of the Court's Order excluding Mr. White's expert reports and precluding his testimony.

### 2. Order Granting Defendant's Partial Motion for Summary Judgment

Plaintiff first attempts to re-litigate the question whether the Court is obligated to award damages under the Patent Act. (Doc. 205 at 3-5). However, there is nothing in Plaintiff's renewed argument that was not presented, or could not have been presented before, which alone is a proper basis to deny reconsideration. Moreover, courts do not award patent damages without supporting evidence or on the basis of speculation or conjecture. *See, e.g., Whitserve LLC v. Computer Packages, Inc.*, 694 F.3d 10, 29-33 (Fed. Cir. 2012); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868-73 (Fed. Cir. 2010). It is true that a district court must determine a reasonable royalty based on whatever evidence is in the record, *Dow Chem. Co. v. Mee Indus.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003), but as the Court has already found, Plaintiff did not present record evidence from which even a *prima facie* case of damages could be cobbled together. As a result, Plaintiff failed to present evidence from which a reasonable fact finder could

3

determine by a preponderance of the evidence what its reasonable royalty damages might be. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Here, unlike in *Dow*, the exclusion of Mr. White's reports and testimony means that there is no sponsoring witness through whom Plaintiff can introduce the exhibits to which he referred.  Neither a jury nor this Court can be expected to invent a reasonable royalty out of thin air, particularly given that the Federal Circuit requires "sound economic proof of the nature of the market and likely outcomes" in order "to prevent the hypothetical from lapsing into pure speculation[.]"  *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002).

Plaintiff next argues that Defendant has not met its burden of establishing the lack of a triable issue of material fact regarding Plaintiff's entitlement to a reasonable royalty. (Doc. 205 at 5-7).  Again, there is nothing in Plaintiff's renewed argument that was not presented or could not have been presented before, which truth compels the denial of reconsideration.  Moreover, Defendant clearly pointed to the absence of evidence in the record that would allow a reasonable jury to find that Plaintiff could prove the amount of reasonable royalty damages to which it was entitled.  (Doc. 160-1 at 1-2, 7-8).  Defendant did not contend that Plaintiff had to come forth with all evidence relating to reasonable royalty damages, but simply enough to demonstrate a genuine issue of material fact in order to survive Defendant's summary judgment motion.  Plaintiff did not do so, and Defendant's motion was therefore properly granted.

4

Plaintiff next argues that it "has several competent damages witnesses to call at trial." (Doc. 205 at 7).  Again, there is nothing in Plaintiff's renewed argument that was not presented or could not have been presented before, which alone is a basis on which to deny reconsideration.  Moreover, regardless of what Mr. Hazenfield and Mr. Mason could have testified to, it is undisputed that none of that testimony is "in the record" in response to Defendant's summary judgment motion as required by Fed. R. Civ. P. 56(c)(1).  Furthermore, Mr. Hazenfield and Mr. Mason also cannot testify regarding the determination of a reasonable royalty because they were not properly disclosed as witnesses who would testify regarding damages.[1]  And even if Mr. Hazenfield and/or Mr. Mason had properly been disclosed as damages witnesses, their lay witness testimony would not be admissible to show reasonable royalty damages because lay witness testimony is only admissible under Fed. R. Evid. 701 when "rationally based on the perception of the witness" and "not based on scientific, technical, or other specialized

---

[1] *See, e.g., Veritas Operating Corp. v. Microsoft Corp.*, No. 2:06-cv-00703-JCC, 2008 WL 657936, at *25-28, *31 (W.D. Wash. Jan. 17, 2008) (lay witness not permitted to testify to patent damages because plaintiff failed to disclose him as a witness having discoverable information on damages and failed to supplement the purview of his disclosed testimony to include damages; the court reasoned that no justification for these failures was given, failure to disclose was not harmless because it was too late for defendant to conduct further discovery with respect to witness's newly offered damages testimony, and exclusion of testimony was proper under Rule 37 which "gives teeth" to Rule 26 requirements of disclosure and supplementation).

knowledge within the scope of Rule 702[, governing expert testimony]."[2]  Plaintiff also cannot rely on Mr. White as a lay witness, as his testimony as a non-expert is excluded under Rule 37(c)(1) for Plaintiff's failure to disclose him as a person with knowledge under Rule 26(a); moreover, his testimony is inadmissible under Rule 701 for the same reasons as those applying to Mr. Hazenfield and Mr. Mason.  Plaintiff has not presented any witnesses who can testify to reasonable royalty damages.

Finally, Plaintiff argues that Fed. R. Civ. P. 56 does not require that summary judgment materials be admissible, but rather that the party opposing the materials show that they cannot be submitted in admissible form, and that there is evidence in the record to support a reasonable royalty award.  (Doc. 205 at 12-16).  Again, there is nothing in Plaintiff's renewed argument that was not presented or could not have been presented before, which alone is a basis on which to deny reconsideration.  As a preliminary matter, the hypothetical lay witness testimony already addressed above also lacks any evidence

---

[2] *See also Auto Indus. Supplier v. Ford Motor Co*., 435 F. App'x 430, 458 (6th Cir. 2011) (lay witness could not establish a foundation for the plaintiff's damages case because he lacked personal knowledge of the plaintiff's specific damages calculations); *JGR, Inc. v. Thomasville Furniture Indus., Inc*., 370 F.3d 519, 525-26 (6th Cir. 2004) (vacating jury's damage award and remanding for a new damages trial because the district court improperly admitted lay opinion testimony on lost profits in a breach of contract case when the damage calculus was outside the witness's personal knowledge and the witness "had no basis upon which to offer lay opinion testimony"); *AVM Tech., LLC v. Intel Corp*, 927 F.Supp.2d 139, 146-47 (D. Del. 2013) (testimony of patent inventor not admissible to show reasonable royalty because the proffered testimony would be "improper expert opinion" that is "the province of expert analysis" and based on speculative hypotheticals); *Veritas Operating Corp*., 2008 WL 657936, at *33 (after patent damages expert was excluded, court rejected plaintiff's argument that its lay witness employee could testify regarding monetary damages because such testimony was not properly disclosed during discovery, the witness was not qualified to testify as an expert, and a lay witness may not offer an opinion on ultimate patent damages, including evidence of a reasonable royalty).

of the royalty base to which a reasonable royalty rate would be applied, because all of

Defendant's sales and financial data is designated Attorney Eyes Only.  As such, it

cannot be seen by Mr. Hazenfield or Mr. Mason, and given that Mr. White has

appropriately been precluded from testifying as an expert, he is also precluded from

testifying based on it.  Moreover, per this Court's Standing Order Governing Civil

Motions for Summary Judgment:

> Each statement of material fact in a statement of Proposed Undisputed
> Facts or Response to Proposed Undisputed Facts, and each denial in a
> statement of Disputed Issues of Material Fact, must be followed by a
> specific citation or citations to (1) the affidavit of a witness competent to
> testify as to the facts at a trial, (2) a sworn deposition, and/or (3) other
> evidence, including documentary evidence, that would be admissible at
> trial.

*See* http://www.ohsd.uscourts.gov/judges/fpblack.htm.[3]  Although Plaintiff insists

it has admissible evidence, it does not adequately explain how any of the alleged

evidence it mentions could not be reduced to admissible form or respond to any of

the authentication, foundation, hearsay, or other admissibility issues raised by

Defendant in its summary judgment pleadings.  Plaintiff failed to demonstrate any

evidence on which the Court could properly deny Defendant's summary judgment

motion and fails to demonstrate any basis for reconsideration of that finding here.

---

[3] *See also Yates-Mattingly v. Lineback*, No. 1:11-cv-753, 2013 WL 3976313, at *10 (S.D.
Ohio Aug. 1, 2013) ("Federal Rule of Civil Procedure 56 requires that all evidence relied upon in
moving for summary judgment be admissible at trial"); *Villegas v. Metro. Government of
Nashville*, 709 F.3d 563, 576 n.7 (6th Cir. 2013) (refusing to consider inadmissible hearsay when
evaluating summary judgment because "[s]uch rank hearsay cannot be relied upon by a court
when ruling on a summary judgment motion").

7

Plaintiff's entire motion and memorandum is composed of improper attempts to argue against motions that have already been thoroughly considered and granted by the Court.  Plaintiff fails to satisfy even the most basic criteria for reconsideration.

**B.**     **Final Judgment**

As stated, courts may not enter patent damages awards without supporting evidence or on the basis of speculation or conjecture.  *See*, *e.g.*, *Whitserve LLC*, 694 F.3d at 29-33; *ResQNet.com, Inc*., 594 F.3d at 868-73.  Even where a patentee is entitled to damages not less than a reasonable royalty upon a finding of infringement, the patentee still must prove what those damages are with admissible evidence.  *Devex Corp. v. General Motors Corp*., 667 F.2d 347, 361 (3d Cir. 1981) (cited with approval in *Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co*., 895 F.2d 1403, 1407 (Fed. Cir. 1990) ("The statute requires the award of a reasonable royalty, but to argue that this requirement exists even in the absence of any evidence from which a court may derive a reasonable royalty goes beyond the possible meaning of the statute")).  Here, Plaintiff has not demonstrated that it is entitled to any measurable remedy and thus is not a prevailing party to whom costs or attorneys' fees can be awarded, and Plaintiff's Memorandum Showing Cause Why Final Judgment Should Not Be Entered Against It (Doc. 206) is unavailing.

Finally, the Court notes that Defendant has consented to the dismissal of its declaratory judgment counterclaim without prejudice.  (Doc. 160-1 at 9; Doc. 207 at 3).

## II.    CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Strike the Expert Reports of Robert L. White and to Preclude Mr. White's Testimony and Granting Defendant's Motion for Partial Summary Judgment That Plaintiff Info-Hold Is Not Entitled to Reasonable Royalty Damages (Doc. 205) is **DENIED**;

2. Defendant's declaratory judgment counterclaim is **DISMISSED** without prejudice;

3. The Clerk shall **ENTER Final Judgment against Plaintiff**; and

4. This case shall be **CLOSED**.

**IT IS SO ORDERED.**


Date:  11/13/13                                              */s/ Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge

9